IN THE UNITED STATES DISTRICT COURT FOR THE

FEB 12

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:15cr 43 |
| | ) | |
| v. | ) | Counts 1 - 4:  31 U.S.C. § 5324 |
| | ) | Money Structuring |
| IBRAHIM IBRAHIM ABDULLAH, | ) | |
| | ) | Count 5:  18 U.S.C. § 1001 |
| Defendant. | ) | Scheme to Deceive |
| | ) | |
| | ) | Forfeiture |

FEBRUARY 2015 TERM - At Alexandria

THE GRAND JURY CHARGES THAT:

INDICTMENT

GENERAL ALLEGATIONS

A.  The movement of large sums of cash is not in itself a crime, and is not necessarily even related to criminal activity.  Nevertheless, because the movement of large sums of cash is often a signal of criminal activity, the law generally requires banks that engage in a currency transaction (such as a deposit, withdrawal, or payment on a loan) in excess of $10,000 with a customer to report the transaction to the United States Department of the Treasury on a form known as a Currency Transaction Report, or "CTR."

B.  Law enforcement and tax authorities often make use of the information that is reported on CTRs. Individuals aware of the CTR reporting requirements who do not want the IRS or other law enforcement authorities to learn of their financial transactions sometimes take

steps to cause banks to fail to file CTRs. These steps are often referred to as "structuring." Structuring cash deposits so that a bank will not file a CTR is prohibited by law.

C.  Maintenance of bank accounts in foreign countries is not in itself a crime, and is not necessarily even related to criminal activity.  Nevertheless, because the maintenance of foreign bank accounts is often a signal of criminal activity, the law generally requires individuals to report to the United States Department of Treasury their interests in accounts in foreign banks. These reports are required to be made on a form known as a Foreign Bank Account Report ("FBAR"), and are required to be filed with the Department of Treasury no later than June 30th of each calendar year with respect to foreign financial accounts maintained during the previous calendar year which had an aggregate value exceeding $10,000.  Law enforcement and tax authorities often make use of the information that is reported on FBARs.

D.  At all times relevant to this indictment, IBRAHIM IBRAHIM ABDULLAH maintained financial accounts in Egypt.  Between October 2008 and June 2010, IBRAHIM IBRAHIM ABDULLAH caused six wire transfers totaling $437,000 to be sent from his account at Burke and Herbert Bank to an account in the name of his wife at Banque Misr, in Port Said, Egypt. The United States Department of the Treasury has no record of any Report of Foreign Bank and Financial Accounts ("FBAR") form has been filed by IBRAHIM IBRAHIM ABDULLAH or his wife.

E.  At all times relevant to this indictment, IBRAHIM IBRAHIM ABDULLAH maintained checking and loan accounts at Burke & Herbert Bank.  Between on or about August 5, 2009, and on or about March 7, 2012, IBRAHIM IBRAHIM ABDULLAH made or caused to be made the following cash deposits into his checking account and the following cash payments

towards his loan account at the bank's branches listed below, on or about the following dates and

times:

| Day | Date | Amount | Account | Time | Branch |
|-----|------|--------|---------|------|--------|
| Tuesday | August 4, 2009 | $ 6,550 | Loan | 1:28 p.m. | Skyline |
| Tuesday | August 4, 2009 | $ 9,950 | Loan | 3:48 p.m. | Skyline |
| Tuesday | September 8, 2009 | $ 9,732.50 | Loan | 12:09 p.m. | Skyline |
| Monday | September 28, 2009 | $ 9,980 | Loan | 12:16 p.m. | Skyline |
| Friday | October 2, 2009 | $ 9,990 | Loan | 1:53 p.m. | Skyline |
| Monday | October 5, 2009 | $ 9,900 | Loan | 10:08 a.m. | Skyline |
| Tuesday | October 6, 2009 | $ 9,960 | Loan | 10:42 a.m. | Skyline |
| Tuesday | November 3, 2009 | $ 9,950 | Loan | 11:57 a.m. | Skyline |
| Thursday | November 5, 2009 | $ 9,500 | Loan | 12:08 p.m. | Skyline |
| Monday | November 30, 2009 | $ 9,980 | Loan | 12:36 p.m. | Skyline |
| Wednesday | December 2, 2009 | $ 5,000 | checking | 12:23 p.m. | Skyline |
| Wednesday | December 2, 2009 | $ 5,500 | checking | 2:01 p.m. | Skyline |
| Friday | December 4, 2009 | $ 9,980 | Loan | 1:53 p.m. | Skyline |
| Monday | December 7, 2009 | $ 9,950 | Loan | 11:35 a.m. | Monroe Ave. |
| Wednesday | December 23, 2009 | $ 9,900 | Loan | 1:41 p.m. | Skyline |
| Monday | December 28, 2009 | $ 9,995 | checking | 9:43 a.m. | Skyline |
| Monday | December 28, 2009 | $ 9,700 | checking | 12:08 p.m. | Skyline |
| Monday | January 11, 2010 | $ 10,000 | checking | 9:56 a.m. | Skyline |
| Tuesday | March 2, 2010 | $ 9,300 | Loan | 2:50 p.m. | Skyline |
| Monday | March 8, 2010 | $ 9,000 | checking | 1:19 p.m. | Skyline |
| Monday | March 8, 2010 | $ 2,000 | checking | 1:23 p.m. | Skyline |
| Monday | March 8, 2010 | $ 7,000 | checking | 2:11 p.m. | Monroe Ave. |
| Friday | April 2, 2010 | $ 9,900 | Loan | 1:34 p.m. | Skyline |
| Monday | April 5, 2010 | $ 9,982.50 | Loan | 1:46 p.m. | Skyline |
| Tuesday | April 6, 2010 | $ 9,900 | Loan | 12:18 p.m. | Skyline |
| Wednesday | April 7, 2010 | $ 9,950 | Loan | 11:36 a.m. | Skyline |
| Monday | May 3, 2010 | $ 9,990 | Loan | 9:46 a.m. | Skyline |
| Tuesday | May 4, 2010 | $ 9,995 | Loan | 1:01 p.m. | Skyline |
| Friday | May 7, 2010 | $ 9,950 | Loan | 2:29 p.m. | Skyline |
| Monday | May 10, 2010 | $ 9,480 | Loan | 12:47 p.m. | Skyline |
| Friday | May 14, 2010 | $ 9,990 | Loan | 3:29 p.m. | Skyline |
| Tuesday | July 6, 2010 | $ 9,900 | Loan | 9:03 a.m. | Skyline |
| Tuesday | July 6, 2010 | $ 8,432.50 | Loan | 10:42 a.m. | Skyline |
| Monday | August 2, 2010 | $ 9,950 | Loan | 10:27 a.m. | Skyline |
| Monday | August 2, 2010 | $ 4,700 | Loan | 5:41 p.m. | Skyline |
| Tuesday | September 7, 2010 | $ 5,000 | Loan | 11:01 a.m. | Skyline |
| Tuesday | September 7, 2010 | $ 9,000 | Loan | 11:38 a.m. | Skyline |
| Monday | November 29, 2010 | $ 9,990 | Loan | 1:04 p.m. | Skyline |

| | | | | | |
|---|---|---|---|---|---|
| Monday | December 6, 2010 | $ 9,990 | Loan | 10:44 a.m. | Skyline |
| Monday | December 6, 2010 | $ 4,450 | Loan | 11:22 a.m. | Skyline |
| Tuesday | December 7, 2010 | $ 5,200 | Loan | 2:10 p.m. | Skyline |
| Wednesday | January 12, 2011 | $ 9,995 | Loan | 10:59 a.m. | Skyline |
| Monday | February 7, 2011 | $ 2,300 | checking | 9:42 a.m. | Skyline |
| Monday | February 7, 2011 | $ 9,995 | checking | 10:24 a.m. | Skyline |
| Monday | February 28, 2011 | $ 3,200 | checking | 9:39 a.m. | Clarendon |
| Monday | February 28, 2011 | $ 9,980 | checking | 11:47 a.m. | Clarendon |
| Wednesday | March 2, 2011 | $ 8,600 | checking | 10:48 a.m. | Clarendon |
| Thursday | March 3, 2011 | $ 9,990 | checking | 11:47 a.m. | Clarendon |
| Friday | March 4, 2011 | $ 9,990 | checking | 4:12 p.m. | Clarendon |
| Monday | March 7, 2011 | $ 8,000 | checking | 4:03 p.m. | Clarendon |
| Monday | April 4, 2011 | $ 9,990 | checking | 11:44 a.m. | Clarendon |
| Wednesday | April 6, 2011 | $ 9,900 | checking | 10:14 p.m. | Clarendon |
| Monday | April 18, 2011 | $ 4,000 | checking | 10:51 a.m. | Clarendon |
| Monday | April 18, 2011 | $ 9,900 | checking | 12:30 p.m. | Clarendon |
| Wednesday | April 22, 2011 | $ 6,950 | checking | 11:52 a.m. | Clarendon |
| Wednesday | April 22, 2011 | $ 9,000 | checking | 12:41 p.m. | Clarendon |
| Monday | May 16, 2011 | $ 9,980 | checking | 4:09 p.m. | Monroe Ave. |
| Monday | July 11, 2011 | $ 7,000 | checking | 10:37 a.m. | Clarendon |
| Monday | July 11, 2011 | $ 4,500 | checking | 11:10 a.m. | Clarendon |
| Wednesday | August 17, 2011 | $ 9,750 | checking | 1:39 p.m. | Skyline |
| Wednesday | August 17, 2011 | $ 4,000 | checking | 4:24 p.m. | Clarendon |
| Friday | March 5, 2012 | $ 9,980 | checking | 2:46 p.m. | Clarendon |
| Sunday | March 7, 2012 | $ 8,000 | checking | 2:33 p.m. | Clarendon |

COUNT 1

(Money Structuring)

A. The Grand Jury re-alleges and incorporates by reference the General Allegations listed in this Indictment.

B. From on or about January 1, 2011, through on or about December 31, 2011, in the County of Arlington and elsewhere in the Eastern District of Virginia, the defendant, IBRAHIM IBRAHIM ABDULLAH, did, as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, knowingly and unlawfully and for the purposes of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, structure and assist in structuring transactions with a domestic financial institution, and cause and attempt to cause such institution to fail to file Currency Transaction Reports required by Section 5313 for currency transactions in excess of $10,000, as outlined above in Paragraph E of the General Allegations of this Indictment.

(In violation of Title 31, United States Code, Section 5324 and Title 18, United States Code, Section 2)

5

COUNT 2

(Money Structuring)

A. The Grand Jury re-alleges and incorporates by reference the General Allegations listed in this Indictment.

B. On or about March 8, 2010, in the County of Arlington and elsewhere in the Eastern District of Virginia, the defendant, IBRAHIM IBRAHIM ABDULLAH did, knowingly and unlawfully and for the purposes of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, structure and attempt to structure a transaction with a domestic financial institution, and cause and attempt to cause such institution to fail to file a Currency Transaction Report required by Section 5313 for a currency transaction in excess of $10,000.

C. Specifically, on or about March 8, 2010, IBRAHIM IBRAHIM ABDULLAH sought to deposit $18,000 in cash into his account at Burke and Herbert Bank without causing that bank to report the deposit of that cash to the United States Department of the Treasury. Accordingly, in an attempt to evade the reporting requirement, IBRAHIM IBRAHIM ABDULLAH made the following cash deposits to his account at Burke and Herbert Bank on the date and times specified below:

| Amount of Cash Deposit | Time of Cash Deposit |
|---|---|
| $ 9,000 | 1:19 p.m. |
| $ 2,000 | 1:23 p.m. |
| $ 7,000 | 2:11 p.m. |

(In violation of Title 31, United States Code, Section 5324 and Title 18, United States Code, Section 2)

COUNT 3

(Money Structuring)

A.  The Grand Jury re-alleges and incorporates by reference the General Allegations listed in this Indictment.

B.  Between on or about March 5, 2012 and March 7, 2012, in the County of Arlington in the Eastern District of Virginia, the defendant, IBRAHIM IBRAHIM ABDULLAH, did, knowingly and unlawfully and for the purposes of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, structure and attempt to structure a transaction with a domestic financial institution, and cause and attempt to cause such institution to fail to file a Currency Transaction Report required by Section 5313 for a currency transaction in excess of $10,000.

C.  Specifically, on or about the dates listed below, IBRAHIM IBRAHIM ABDULLAH sought to deposit $17,980 in cash into his account at Burke and Herbert Bank without causing the bank to report the deposit of that cash to the United States Department of the Treasury. Accordingly, in an attempt to evade the reporting requirement, IBRAHIM IBRAHIM ABDULLAH made the following cash deposits to his account at the Clarendon branch of Burke and Herbert Bank:

| Date | Amount of Cash Deposit |
| --- | --- |
| March 5, 2012 | $ 9,980 |
| March 7, 2012 | $ 8,000 |

(In violation of Title 31, United States Code, Section 5324 and Title 18, United States Code, Section 2.)

7

## COUNT 4

### (Money Structuring)

A. The Grand Jury re-alleges and incorporates by reference the General Allegations listed in this Indictment.

B. On or about May 3, 2010, and May 4, 2010, in the City of Falls Church in the Eastern District of Virginia, the defendant, IBRAHIM IBRAHIM ABDULLAH, did, knowingly and unlawfully and for the purposes of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, structure and attempt to structure a transaction with a domestic financial institution, and cause and attempt to cause such institution to fail to file a Currency Transaction Report required by Section 5313 for a currency transaction in excess of $10,000.

C. Specifically, on or about May 3, 2010, IBRAHIM IBRAHIM ABDULLAH sought to use $19,985 in cash to repay part of a loan he owed to Burke and Herbert Bank without causing the bank to report his payment of that cash to the United States Department of the Treasury. Accordingly, in an attempt to evade the reporting requirement, IBRAHIM IBRAHIM ABDULLAH made the following cash payments to his loan account at the Skyline branch of Burke and Herbert Bank:

| Day and Date | Amount of Cash Deposit | Time of Cash Deposit |
|---|---|---|
| Monday, May 3, 2010 | $ 9,990 | 9:46 a.m. |
| Tuesday, May 4, 2010 | $ 9,995 | 1:01 p.m. |

(In violation of Title 31, United States Code, Section 5324 and Title 18, United States Code, Section 2.)

8

## COUNT 5

### (Scheme to Deceive)

A. The Grand Jury re-alleges and incorporates by reference the General Allegations listed in this Indictment.

B. Beginning in or about March 2010, and continuing thereafter up to on or about March 7, 2012, within the Eastern District of Virginia, the defendant, IBRAHIM IBRAHIM ABDULLAH, did unlawfully, knowingly, and willfully conceal and cover up by a trick, scheme and device a material fact, in a matter within the jurisdiction of the Department of the Treasury, an agency of the executive branch of the government of the United States. Specifically, he caused to be structured into accounts at Burke and Herbert Bank the cash deposits and cash loan repayments as described in Paragraph E of the General Allegations of this Indictment to prevent the Department of the Treasury from receiving and making law enforcement and/or regulatory use of the Currency Transactions Reports that, had he not so structured his transactions, would have been filed by that financial institution.

(In violation of Title 18, United States Code, Section 1001(a)(1).)

FORFEITURE

If convicted of Counts 1, 2, 3, or 4 of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5317(c), all property, real or personal, involved in the offenses of conviction, and any property traceable thereto.

A TRUE BILL:

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

_____
FOREPERSON OF THE GRAND JURY

Dana J. Boente
United States Attorney

By: _____
Gordon Kromberg
Assistant United States Attorney

10