IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No: 1:15cr43 |
| v. | ) | |
| | ) | |
| IBRAHIM IBRAHIM ABDULLAH | ) | |

RESPONSE TO MOTION TO CLARIFY JUDGMENT

On November 22, 2015, defendant Abdullah moved this Court to clarify its judgment imposed on him on August 7, 2015. The government supports the motion. The Judgment should be clarified to reflect the existence of the defendant's continuing obligation to pay a fine unless and until the forfeiture money judgment also imposed against him is satisfied.

On May 1, 2015, the defendant entered his plea of guilty to money structuring. On May 21, 2015, this Court entered a Consent Order of Forfeiture. That Consent Order provided for a money judgment forfeiture of $250,000, but also provided that enforcement of that forfeiture money judgment would be waived in the event that at least $100,000 were paid by the defendant to the United States by the time of sentencing, and that a total of $200,000 (inclusive of the $100,000 paid by the time of sentencing) were paid within one year of the sentencing. The Consent Order provided that, if the defendant did not remit at least $100,000 to the United States by the time of sentencing, then the real property and premises owned by the defendant and known as 4021 Oxford Street in Annandale, Virginia, would be forfeited; in that event, the net proceeds of the sale of that property would be applied towards the outstanding money judgment.

The pre-sentence report found the applicable sentencing guideline range to be 33 to 41 months in prison. Although it made no mention of the properties in Egypt that the defendant claimed to have purchased with the hundreds of thousands of dollars that he transferred overseas between

2008 and 2010 (*see* Statement of Facts, at Paragraph 3), it indicated that he owned 16 rental properties in Northern Virginia, and had a net worth of over $3,000,000. The report noted that Abdullah's finances appeared to be in disarray.

By the time the defendant appeared before the Court for sentencing on August 7, 2015, no money towards the forfeiture money judgment had been paid.

When the defendant appeared for sentencing, the Court accepted the guideline range as calculated by the Probation Office. Nevertheless - - and at least in part in recognition of the significant financial penalty included in the forfeiture order that already had been entered - - the Court initially imposed a sentence of probation with a special condition of six months of community confinement with work release. After that portion of the sentence was announced, however, the Court learned that no funds yet had been remitted to the United States for forfeiture despite the provisions of the forfeiture order that appeared to reflect the defendant's earlier intention actually to do so. Upon learning that no funds actually had been remitted to the United States for forfeiture, the Court then imposed a fine of $200,000 (the amount that could have satisfied the Consent Order of Forfeiture), with a provision that the fine would be satisfied if the forfeiture money judgment were satisfied.

As the Minute Entry reflects:

> Minute Entry for proceedings held before District Judge T. S. Ellis, III: Sentencing held on 8/7/2015 for Ibrahim Ibrahim Abdullah (1). Defendant present w/ counsel Todd M. Richman & Cadence Mertz. Gordon Kromberg present on behalf of USA. Defendant requests a period of supervised probation. Letter from Heather Venner (Arlington Department of Human Services) submitted for the Courts review. Government requests forfeiture (previously entered on 5/20/2015) and $100.00 SA. ***The Court adopts PSIR w/o exceptions and defendant sentenced to 3 years Supervised Probation (6 months community confinement w/ work release), $200,00.00 Order of Forfeiture OR fine***, $100.00 SA.

Docket #34 (emphasis added)

2

The written Judgment and Commitment Order was, however, phrased differently from the Court's oral pronouncement or as recorded in the Minute Entry. The written Judgment and Commitment Order provided that the defendant would be liable for the fine only if he failed to comply with the forfeiture order. We agree with the defendant that he has not "failed to comply" with the forfeiture order. We disagree with the defendant, however, that the terms of the written Judgment and Commitment Order accurately reflect the sentence imposed by the Court. As reflected in the minute entry, Court ordered the defendant to pay a fine (at the rate of $500 per month) unless and until the forfeiture money judgment was collected in at least the amount of $200,000.

It appeared to undersigned counsel that, when this Court first imposed the sentence on the defendant of home confinement and work release despite much the more severe sentencing guidelines that were applicable to this case, the Court had understood the defendant already to have paid a significant amount towards a stiff financial penalty for his offense. Further, it appeared that the Court imposed the fine on the defendant only when the Court learned that Abdullah had paid nothing at all towards the forfeiture money judgment - - and, thereby, had *not* already paid a significant amount towards a stiff financial penalty.

On October 27, 2015, this Court entered a Final Decree of Forfeiture with respect to the real property known as 4021 Oxford Street in Annandale, Virginia. That Final Decree recognized the interests in the property of a mortgage lender, Fairfax County, Fairfax County Water Authority, and the tenant of the premises.

The United States is proceeding to dispose of the property in accordance with its usual procedures for the disposition of forfeited real property; we expect the process to take several

months.  The defendant's assertion that the United States is planning to hold the property until the tenant's lease expires in 2017 is baseless.[1]

The outstanding liens are valued at approximately $217,000.  The government estimates the value of the property at approximately $475,000.  Once the expenses of the sale are paid, it is likely that the net proceeds of the sale will not suffice to satisfy the outstanding liens and also the entire $250,000 obligation of the defendant to the United States.  In that event, the United States will continue to attempt to collect the outstanding balance of the forfeiture money judgment.

We do not believe that the Court intended the defendant's sentence to leave open the possibility that he would suffer no immediate financial penalty for his offense. Accordingly, the government agrees that the Court should clarify its judgment with respect to a fine, and explain that the fine is due and payable so long as at least $200,000 of the forfeiture has not been paid (or otherwise collected).

                                        Respectfully submitted,

                                        Dana J. Boente
                                        United States Attorney

By:     /s/
        Gordon D. Kromberg
        Assistant United States Attorney
        Virginia Bar No. 33676
        Attorney for the United States
        2100 Jamieson Avenue
        Alexandria, VA  22314
        (703) 299-3700
        (703) 837.8242 (fax)
        gordon.kromberg@usdoj.gov

---

[1] The United States has been in regular contact with a retained attorney for defendant Abdullah with respect to the circumstances of the sale of the Oxford Road property.

CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2015, I electronically filed the foregoing Response to Defendant's Motion to Clarify Judgment with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Todd M. Richman
> Assistant Federal Public Defender
> 1650 Prince Street, Suite 500
> Alexandria, VA 22314

>    /s/
> Gordon D. Kromberg
> Assistant United States Attorney
> Virginia Bar No. 33676
> Assistant United States Attorney
> Attorney for the United States
> 2100 Jamieson Avenue
> Alexandria, VA  22314
> (703) 299-3700
> (703) 837.8242 (fax)
> gordon.kromberg@usdoj.gov